## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

CAMDEN MUELLER,
an individual,

Case No.:

Plaintiff,

v.

TD BANK, N.A.
a foreign for-profit corporation,

Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, CAMDEN MUELLER (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, TD BANK, N.A. ("Defendant" or "TD Bank"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.      This is an action brought by an individual consumer for damages for SFCU's violations the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein Defendant improperly credit-reported and subsequently verified its credit reporting of erroneous and fictitious information (hereinafter collectively, "the Accounts") on Plaintiff's personal consumer credit reports and credit files. Specifically, Defendant reported—and subsequently verified— a third-party's Accounts on Plaintiff's consumer credit report and in Plaintiff's consumer credit file as maintained by credit reporting agencies.

1

2.      This is an action for damages for violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Defendant unlawfully reported erroneous and fictitious information to Plaintiff's credit reporting agencies resulting in mixed and inaccurate personal consumer credit reports and credit files regarding a third-party's information, and continued to verify such erroneous information after receiving disputes drafted by Plaintiff.

### JURISDICTION, VENUE, AND PARTIES

3.      Jurisdiction of this Court arises under 28 United States Code, Section 1331, as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

4.      Defendant is subject to the jurisdiction of this Court as Defendant regularly transacts business in this District, and the events described herein occurred in this District.

5.      Venue is proper in this District as the acts and transactions described herein occurred in this District.

6.      At all material times herein, Plaintiff is a natural person residing in Lee County, Florida.

7.      At all material times herein, Defendant is a mutli-national bank with its principal place of business located at 2035 Limestone Road, Wilmington, DE 19808.

### FCRA STATUTORY STRUCTURE

8.      Congress enacted the FCRA requiring consumer reporting agencies to

adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

9.     The FCRA limits access to a consumer's credit report for certain limited permissible purposes. *See* 15 United States Code, Section 1681b(a).

10.     Under the FCRA, a person shall not use or obtain a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under the FCRA, and the purpose is certified in accordance with the FCRA, Section 1681e. *See* 15 United States Code, Section 1681b(f).

11.     Additionally, under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b) (emphasis added).

12.     Any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer, is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; statutory damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

13.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer, is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

<b><u>GENERAL ALLEGATIONS</u></b>

14.     At all material times herein, Plaintiff is a "consumer" as defined by 15 United States Code, Section 1681a(c).

15.     At all material times herein, Defendant, itself and through its subsidiaries, regularly services and finances accounts, including auto loans—and credit reports debts associated with the same—allegedly owed by consumers residing throughout Florida, including in Lee County, Florida.

16.     At all material times herein, Defendant is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

17.     At all material times herein, Defendant is a "person" as defined by 15 United States Code, Section 1681a(b).

18.     At all material times herein, Defendant reports information concerning erroneous and fictitious information on Plaintiff's personal consumer credit reports and credit files regarding a third-party, not Plaintiff, referenced as a TD Auto Finance Account and identified by account numbers beginning 1104- (hereinafter collectively,

the "Account").

19.    At all material times herein, Plaintiff did not open the Account, Plaintiff did not authorize any individual or entity to open the Account in his name, Plaintiff did not use the Account in any manner, and Plaintiff did not receive the benefit of any goods or services obtained as a result of any transactions made using the Account.

20.    At all material times herein, Defendant acted itself or through its respective agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

21.    All necessary conditions precedent to the filing of this action occurred, or Defendant voluntarily waived the same.

## FACTUAL ALLEGATIONS

22.    Upon information and belief, in May 2024, Plaintiff's brother opened the Account.

23.    Upon information and belief, the Account was placed on Plaintiff's Experian, Equifax, and Trans Union credit files and reports.

24.    Plaintiff became aware of the Account when he attempted to secure a car loan in July 2024.

25.    In July 2024, Plaintiff became aware that his brother's name and other personal identifying information was listed on is Experian, Equifax, and Trans Union

credit reports.

26.    In 2025, Plaintiff disputed the Account listed on his Experian, Equifax, and Transunion credit reports.

27.    Experian, Equifax, and Transunion received Plaintiff dispute.

28.    Experian, Equifax, and Transunion conveyed Plaintiff's dispute to Defendant.

29.    Defendant willfully and purposefully verified the Account as belonging to Plaintiff, which caused Experian, Equifax and Transunion to report false information about Plaintiff and negatively impacted Plaintiff's credit.

## DAMAGES

30.    Plaintiff paid a much higher interest rate on his vehicle purchased in July 2024 as a result of Defendant's conduct.

31.    Plaintiff's American Express monthly spending limit was dramatically reduced in January 2026 as a result of Defendant's conduct.

32.    As a result of Defendant's reporting of the Account, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that he would be denied credit as a result of the erroneous and incorrect reporting of the Account asserted as owed by Plaintiff if he needed to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

33.    Overall, Plaintiff suffered damage to his reputation as a result of Defendants' conduct.

34. Further, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's exhaustive efforts to convey to Defendant that he did not initiate or authorize the opening of the TD Auto Account, Plaintiff must simply endure inaccurate credit reporting of the Account.

35. Plaintiff retained Swift, Isringhaus, Dubbeld & McEleney, PLLC and F&H Law Group, P.A. for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

36. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

**COUNT ONE**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**
**(as to SFCU only)**

Plaintiff re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further states as follows:

37. Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Experian, Equifax and Trans Union

delete the Accounts from Plaintiff's credit reports and credit file after investigating Plaintiff's repeated disputes.

38.    As described above, Plaintiff was not and is not personally liable for the Account, because: (i) Plaintiff does not have any active or closed credit accounts with Defendant or TD Auto Finance referenced by the account numbers listed; (ii) Plaintiff did not personally apply for the Account or open the Account; (iii) Plaintiff did not authorize any person to open to the Account in Plaintiff's name or on Plaintiff's behalf; (iv) Plaintiff possessed no knowledge of the Account prior to obtaining his credit reports in July 2024; and (v) Plaintiff did not receive the benefit of any money, goods, or services from any charges or transactions made using the Account.

39.    Despite Defendant receiving notice of Plaintiff's disputes from Experian, Equifax and Trans Union, Defendant willfully and/or negligently failed to request that Experian, Equifax and Trans Union delete the tradelines associated with the Account and continued to report the fictitious information the credit reporting agencies, including balances due on the Account.

40.    Also, despite Plaintiff's repeated disputes indicating he never opened the Account and the Account did not belong to him, Defendant continued to verify the Account as belonging to Plaintiff.

41.    Rather than delete its reporting of the illegitimate Account after receiving notice of Plaintiff's repeated disputes, Defendant inaccurately "verified"

or "updated" its erroneous and fictitious reporting of the Account which ultimately reflected negatively and adversely on Plaintiff's credit reports and credit files as maintained by Experian, Equifax and Trans Union.

42. Defendant's refusal to request that Experian, Equifax and Trans Union delete the tradelines associated with the Account was intentionally, willfully, and knowingly done as Defendant clearly possessed knowledge that the Account did not belong to Plaintiff and did not bear his name nor his social security number, but instead, the name and social security number of a third party.

43. Defendant's investigation/re-investigations were not conducted in good faith.

44. Defendant's investigation/re-investigations were not conducted reasonably.

45. Defendant's investigation/re-investigations were not conducted using all information and documents reasonably available to Defendant.

46. As a result of Defendant's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendant's erroneous and fictious reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account as high balance payment obligations resulting in the Account being

9

reported as belonging to Plaintiff rather than the true third party who opened them.

47.     Defendant's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

48.     Defendant's violations of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

    a.     Judgment against Defendant for maximum statutory damages for violations of the FCRA;

    b.     Actual damages in an amount to be determined at trial;

    c.     Compensatory damages in an amount to be determined at trial;

    d.     Punitive damages in an amount to be determined at trial;

    e.     An award of attorney's fees and costs; and

    f.     Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

## PLAINTIFF'S DESIGNATION OF LEAD COUNSEL

Plaintiff, CAMDEN MUELLER, by and through the undersigned counsel, pursuant to Middle District of Florida Local Rule 2.02(a), hereby designates Jon Dubbeld, Esq. as Lead Counsel for Plaintiff.

Respectfully submitted,

**SWIFT LAW PLLC**

/s/ *Jon P. Dubbeld*
Jon P. Dubbeld, Esq. (FBN 105869)
Jessica A. Stephens, Esq. (FBN 1069016)
11300 4th Street N., Suite 260
St. Petersburg, FL 33716
Phone: (727) 300-1929
Fax: (727) 255-5332
jdubbeld@swift-law.com
jstephens@swift-law.com
jmurphy@swift-law.com
*and*

**F&H LAW GROUP, P.A.**

/s/ *Ryan C. Hasanbasic*
Paul R. Fowkes (FBN 723886)
paul@fhlawpa.com
Ryan C. Hasanbasic (FBN 44119)
ryan@fhlawpa.com
F&H LAW GROUP, P.A.

11

1807 Short Branch Drive, Ste. 101
Trinity, Florida 34655
Telephone: (727) 500-1010
Facsimile: (727) 943-3203
*Co-Counsel for Plaintiff*

12